```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD B. WHITE                              CIVIL ACTION

VERSUS                                        NO: 06-2490

CENTER FOR MEDICARE AND                       SECTION: J(3)
MEDICAID SERVICES
```

### ORDER AND REASONS

Before the Court is the **Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. 43)**. This motion, which was opposed, was set for hearing on April 18, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should be granted.

### Background Facts

Plaintiff Richard White has filed a lawsuit under Freedom of Information Act ("FOIA") against Defendant Center for Medicare and Medicaid Services.

In 2004, Plaintiff was convicted on 14 counts of Medicare fraud-related offenses in the Northern District of Ohio.  He is currently serving a 90 month prison sentence in Oakdale,

Louisiana.  During discovery in the criminal proceeding, the Government identified Charles Potter, an employee of IntegriGuard - a company known as a Medicare Program Safety Coordinator - as a potential expert in the case.  Later in response to a motion in limine, the Government claimed that Potter had not created any discoverable information and further denied that Potter had been sent any materials.  After the trial however, IntegriGuard issued a press release announcing Plaintiff's conviction and detailing Potter's involvement.  Further, Plaintiff obtained a biography of Potter wherein he claimed to have been involved in Plaintiff's case.  Therefore, in September of 2004, Plaintiff sent a FOIA request regarding IntegriGuard's involvement in the case.  (It is not clear to the Court what exactly Plaintiff planned on doing with this information once it was produced).  That FOIA request was later amended to request a narrower scope of documents. (Rec. Doc. 43, p. 4).  In May of 2005, Integriguard revealed that it had 400 pages responsive to this request.  Upon further examining the documents, IntegriGuard determined that the actual number of responsive pages totaled only 70 because 330 pages were duplicates.

   Defense counsel then instructed Defendant to gather the duplicate pages (there were actually 385 pages - not 400 pages). Sharon Smith, the Chief Legal Counsel and Privacy Officer for IntegriGuard, reviewed the documents and executed a declaration

2

explaining her findings. (Rec. Doc. 43-2). The review revealed that some of those pages were actually not duplicates; however, Smith determined that the non-duplicate pages were not responsive to the request. In fact, Smith determined that 50 pages were not duplicates, but were non-responsive because they dealt with agencies other than those specifically listed in the amended FOIA request. (Rec. Doc. 43, pp. 5-7). Smith also determined that 25 of those pages were portions of emails that were not duplicates, but were non-responsive to the request for the same reasons as the others. (Rec. Doc. 43, pp. 7-8). This left 241 pages that were duplicates of documents either provided to Plaintiff or described in the <u>Vaughn</u> index. (Rec. Doc. 43, pp. 9-11).

## **Discussion**

**Arguments of the Parties:**

Defendant argues that there are no material facts in dispute and requests the Court to find that it acted properly in responding to the amended FOIA request based on the information provided in Smith's declaration.

In opposition, Plaintiff asserts that Smith's declaration is insufficient summary judgment evidence because she only recently obtained her position as legal counsel for IntegriGuard and, therefore, lacks personal knowledge of the facts underlying the initial review of the documents. Thus, Plaintiff objects to the declaration and moves to strike it. Plaintiff further claims the

Court should deny the motion because genuine issues of material fact exist regarding whether the documents were properly withheld as non-responsive when at first they were deemed to be responsive duplicates.  Plaintiff asserts that one of Defendant's employees said the agency withheld the documents because they would "incriminate" government officials.  Plaintiff requests that the Court conduct an *in camera* review concerning whether the withheld documents are in fact non-responsive to the FOIA request.

**Summary Judgment Standard:**

    Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, and there is no genuine issue of material fact, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  See Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983). The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and non-conclusory manner. A court will not grant summary judgment if there is contradictory evidence or evidence of agency bad faith. See Gallant v. NLRB, 26 F.3d 168, 171 (D.C.Cir. 1994) (quoting Halperin v. CIA, 629 F.2d 144, 148

(D.C.Cir. 1980)).  If the agency meets all of these requirements, courts will generally accord the affidavits substantial weight.  However, a reviewing court may also inspect the content of agency documents in camera to determine whether they fall under any of the FOIA exemptions. See 5 U.S.C. § 552(a)(4)(B).

This Court finds that an *in camera* review of the withheld documents is not necessary.  It is clear to the Court, based on Smith's declaration[1], that Defendant has fully discharged its obligations under FOIA.  Aside from the unsupported assertion that one of Defendant's employees (whose identity is unknown to the Court and seems to be unknown to the parties) allegedly said that documents were withheld because they would "incriminate" government officials, there is no genuine issue of material fact that exists that is more than speculation and conjecture.  The declaration submitted by Smith was clear, specific, reasonably detailed, and properly described the withheld information.  Because there is no evidence Defendant's bad faith, this Court finds that summary judgment should be granted in its favor.  Accordingly,

**IT IS ORDERED** that **Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. 43)** should be and

---

[1] Despite Plaintiff's assertions, the Court determines that the declaration submitted by Smith is competent summary judgment evidence.  Even though Smith only recently obtained her position at IntegriGuard, she had an opportunity to review her predecessor's file on this matter.  For this reason, the Court finds that she does not lack personal knowledge of the facts underlying the initial review.

hereby is **GRANTED.**

New Orleans, Louisiana this 26th day of April, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE